UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MS TABEA SCHIFFAHRTSGESELLSCHAFT MBH & CO. KG | * * * | CIVIL ACTION |
| VERSUS | * * | NO. 08-3909 |
| BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS | * * | SECTION "L" (5) |

### Order and Reasons

Before the Court is the United States' Motion for Summary Judgment (Rec. Doc. No. 78). Oral argument was heard on this matter on April 7, 2010. The Court has considered the argument and reviewed the extensive memoranda submitted by all parties involved, as well as the applicable law, and is now ready to rule.

*I. Background*

This case arises out of damage sustained to the MSC TURCHIA when it grounded and allided with the Napoleon Avenue Wharf, in the Port of New Orleans on June 2, 2008. The Plaintiff ship owner ("Tabea") sued the Board of Commissioners of the Port of New Orleans ("The Dock Board") for negligently failing to maintain the proper depth of water upon MSC TURCHIA's approach to and at the pier.

The Dock Board subsequently counter claimed, arguing Tabea's negligent docking caused damage to the Napoleon and Nashville Wharfs. The Board additionally joined the United States as a Third Party Defendant, arguing that the United States Army Corps of Engineers had a

1

duty to properly dredge and maintain the navigable waterways of the Mississippi River or to warn of hazards and failed to do so. Further, Tabea filed a cross-claim against the United States echoing the Dock Board's negligence claim and adding a claim that the United States was contractually obligated to dredge.

The United States filed a Motion to Dismiss on July 21, 2009, which this Court granted in part and denied in part. (Rec. Doc. No. 72). The Court dismissed with prejudice all failure to dredge claims, contract claims, and claims based on the Rivers and Harbors Act against the Government. The Court denied the motion to dismiss with regards to the claims that the Government failed to warn of shoaling, specifically finding that language on the Corps website that the Port of New Orleans was "in good condition" may have been misleading to mariners.

## *II. The Motion*

On February 24, 2010, the United States filed a motion for summary judgment on the sole remaining claim against it for failure to warn (Rec. Doc. No. 78). A more complete summary of the factual background regarding the failure to warn claim in this case can be found in the Court's Order on the Government's Motion to Dismiss (Rec. Doc. No. 72). The Government argues that there was no reliance on the "good condition" language on the Corps website, and further, even if there was reliance, such reliance was unreasonable. Both the Dock Board and the Plaintiff have filed opposition. They each argue that whether there was reliance, and whether it was reasonable, is a question of fact inappropriate for summary judgment. Further, both argue that the posting of surveys on the Corps website was inadequate to fulfill the Government's alleged duty to warn.

*A. Standard of Review*

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (*quoting* Fed. R. Civ. P. 56 (c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (*citing Celotex*, 477 U.S. at 322 - 24, and Fed. R. Civ. P. 56(e)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249 - 50 (citations omitted).

*B. Failure to Warn*

The Corps does have discretion in deciding how it will warn of potential shoals. The

3

Fifth Circuit has found that how the Corps warns of a navigation hazard falls within the discretionary function exception. *See Theriot v. United States*, 245 F. 3d 388 (5th Cir. 1998) (finding a Corps decision not to place a warning sign near a hazardous sill, but instead to rely on charting the sill and notifying the public through a Notice was within the discretionary exception); *Johnson v. United States,* 2000 WL 1528078, *3 (E.D. La., Oct. 13, 2000) ("The fact that the Government chose to warn mariners of dredging and obstructions through charts rather than markers is also clearly a discretionary function."); *Dunaway v. United States*, 136 F. Supp. 2d 576 (E.D. La. 1999) ("Any failure by the Corps or its employee to report, warn of, mark, or remove the sandbar is thus susceptible to policy analysis and satisfied the second prong of the discretionary function inquiry."). However, case law suggests that the Government must indeed warn somehow when there is established reliance. *See Indian Towing v. United States*, 350 U.S. 61 (1955) (holding the Coast Guard liable under the Federal Tort Claims Act for undertaking lighthouse service, having knowledge that the light was out, and failing to warn or notify those who would potentially be relying on it).

The Court finds that issues of fact remain as to whether the warning posted on the Corps website was sufficient to qualify as a warning. Determinations as to whether the graphs were posted in an area of the website that the public could find, and whether the charts were posted in a readable format are questions of fact, inappropriate for summary judgment. Further, there are questions of fact as to whether there was reasonable reliance by the Dock Board on Corps engineers who, by local custom, consistently and personally updated the Dock Board as to shoaling hazards.

*III. Conclusion*

Accordingly, IT IS ORDERED that the Government's Motion for Summary Judgment (Rec. Doc. No. 78) is hereby DENIED.

New Orleans, Louisiana, this 29th day of April, 2010.

                                                                                               District Court Judge